Filed 3/11/25  P. v. Riels CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082952 |
| v. | (Super.Ct.No. CR56849) |
| LEE WENDELL RIELS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Dismissed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kathryn Kirschbaum and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court denied defendant and appellant Lee Wendell Riels's request for a full resentencing hearing.  On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing.  We dismiss.

## I.  PROCEDURAL BACKGROUND[2]

On January 12, 1995, a jury found defendant guilty of second degree robbery (§ 211, count 1) and assault with a deadly weapon (§ 245, subd. (a)(1), count 2).  The jury additionally found true an allegation defendant personally used a deadly and dangerous weapon.  (§ 12022 subd. (b).)  The trial court thereafter found true allegations that defendant had suffered two prior prison terms (§ 667.5, subd. (b)), two prior serious felony convictions (§667, subd. (a)), and two prior strike convictions (§§ 667, subds. (c) & (e), 1170.12, subd. (c)).  (*Riels*, *supra*, E015633.)

The court sentenced defendant to an aggregate term of imprisonment of 36 years to life.  The court struck one of the prior prison term enhancements and imposed but stayed sentence on the other.  (*Riels*, *supra*, E015633.)

Defendant appealed.  By opinion filed November 21, 1996, this court affirmed the judgment.  (*Riels*, *supra*, E015633.)

---

[1]  All further statutory references are to the Penal Code.

[2]  On our own motion, we take judicial notice of this court's nonpublished opinion from defendant's appeal of the judgment in *People v. Riels* (Nov. 21, 1996, E015633) (*Riels*).  (Evid. Code, § 459.)

On December 28, 2023, after a hearing at which defendant was represented by counsel, the court denied defendant's request for a full resentencing hearing.

## II. DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing. The People maintain we should affirm the trial court's order in reliance on *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169. We dismiss.

Senate Bill No. 483 (Senate Bill 483) (2021-2022 Reg. Sess.) added section 1171.1 to the Penal Code (Stats. 2021, ch. 728), which the Legislature subsequently renumbered, without substantive change, as section 1172.75 (Stats 2022, ch. 58, § 12, eff. June 30, 2022). (*People v. Rhodius*, *supra*, 97 Cal.App.5th at p. 42.) "Section 1172.75, subdivision (a), states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' [Citation.] Section 1172.75 instructs the CDCR to identify those persons in their custody currently serving a term for a judgment that includes an enhancement under section 667.5(b) (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement. [Citation.] Subsequently, the sentencing court 'shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court

3

determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.]" (*Ibid.*)

"Of course, 'the defendant . . . bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.' [Citation.]" (*People v. Moore* (2021) 68 Cal.App.5th 856, 866 ["Because appellant has failed to provide an adequate record for review, his claim fails. [Citation.]".)

"[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [(CDCR)] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332 (*Cota*); accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268 (*Newell*); accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 (*Burgess*).)

Here, the record is not clear as to who initiated the hearing pursuant to section 1172.75. The record contains neither a letter from the CDCR nor a motion or petition from defendant recommending or requesting resentencing. In his opening brief, defendant notes merely that his "case came before the superior court for resentencing." He does not explain how or why. The People similarly note that the issue of resentencing simply came up at a hearing.

However, trial courts have no jurisdiction pursuant to section 1172.75 unless they are initiated by the CDCR. (*Cota*, *supra*, 97 Cal.App.5th at p. 332; *Newell*, *supra*, 93

4

Cal.App.5th at p. 268; *Burgess*, *supra*, 86 Cal.App.5th at p. 382.)  Similarly, this court has no jurisdiction over an appeal from the denial of a section 1172.75 motion filed by a defendant.  (*Burgess*, at p. 382.)  Thus, since defendant has failed to show that either we or the court below have jurisdiction, we must dismiss the appeal.

### III.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.